LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
Email: zlarson@lzklegal.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
Email: mzirzow@lzklegal.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for Plaintiff

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: <br><br> MARC JOHN RANDAZZA, <br><br> Debtor. | Case No.: BK-S-15-14956-abl <br> Chapter 11 |
| MARC JOHN RANDAZZA, an individual, <br><br> Plaintiff, <br><br> v. <br><br> CRYSTAL L. COX, an individual, <br><br> Defendant. | Adv. No. 16-1111-abl <br><br> **REPLY IN SUPPORT OF MOTION FOR JUDGMENT BY DEFAULT ENTERED BY THE COURT** <br><br> Date: November 28, 2017 <br> Time: 10:00 a.m. |

Plaintiff, Marc John Randazza, as debtor and debtor in possession ("Mr. Randazza"), hereby submits his reply (the "Reply") to the *Objection to Motion for Judgment by Default* (Adv. ECF 36)[1] (the "Objection") filed by Defendant, Crystal L. Cox ("Ms. Cox"), and in support of his *Motion for Judgment by Default Entered by the Court* (Adv. ECF 26) (the "Motion"). This Reply is also supported by the *Supplemental Declaration of Matthew C. Zirzow, Esq.* (the "Supplemental Zirzow Declaration").

---

[1] References to "Adv. ECF" are to the docket entries in this Adversary Proceeding.

Nothing in Ms. Cox's Objection countermands a default judgment against her pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure (the "Rule(s)"), made applicable pursuant to Rule 7055 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)") as to all claims in Mr. Randazza's *First Amended Complaint* (the "FAC") (Adv. ECF 6). Thus, the Motion should be granted and default judgment entered.

## I. ARGUMENT

### A. Relief from Entry of Default is Not Warranted.

#### (1) Standard of Decision.

1. Ms. Cox does not make an affirmative motion to set aside the entry of default, and instead only argues in her Objection that default judgment should not be entered because she "had no idea what this [Adversary Proceeding] meant and still do not understand the filing of a complaint within a bankruptcy." (Objection at 5).[2] "The proper method by which a party may apply to have a default set aside is to file a formal motion with the court pursuant to Federal Rule of Civil Procedure 55(c)[.]" Inv'rs Thrift v. Tam Ly Lam (In re Tam Ly Lam), 192 F.3d 1309, 1311 (9th Cir. 1999). However, even if the Court charitably construes her Objection as a motion to set aside the default pursuant to Fed. R. Bankr. P. 7055/Fed. R. Civ. P. 55(c), entry of default may only be set aside for "good cause" and, in this case, there is no cause at all, much less "good cause." Any substantive motion filed by Ms. Cox other than a motion to set aside the default is impermissible, because when a party is in default, the party loses standing in court, cannot appear in any way, cannot adduce any evidence, and cannot be heard at the final hearing. Great Am. Ins. Co. v. M.J. Menefee Const., Inc., No. CV F 06-0392-AWI-DLB, 2006 WL 2522408, at * 2 (E.D. Cal. Aug. 29, 2006) ("Entry of a defendant's default cuts off a defendant's right to appear in an action . . .") (collecting cases).

2. Even to the extent the Court deems Ms. Cox's Objection a motion to set aside the entry of default, Ms. Cox's Declaration in support must be struck for numerous reasons. First,

---

[2] Ms. Cox's Objection and her declaration (the "Declaration") and exhibits in support thereof were all scanned by the Court into a single electronic file. For ease of reference, Mr. Randazza will refer to the ECF pagination rather than Ms. Cox's internal pagination.

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

2

Ms. Cox's Declaration does not conform to LR 9014(c)(2)(B) because it contains substantial legal argument, legal citations and legal case quotations, instead of only factual evidentiary matter. Second, Ms. Cox's Objection itself is only 19 pages long (Adv. ECF 36, pp. 1-19), whereas her Declaration is 66 pages long (Id. pp. 20-86), excluding exhibits, and intentionally putting substantive legal argument in that Declaration, instead of in her Objection itself, in an attempted "end run" around the 20 page limit for oppositions in LR 9014(e), and without obtaining leave of Court to file an over-length brief. Third, Ms. Cox's Declaration does not properly authenticate any of the exhibits attached to it as a matter of evidence, rendering all such exhibits inadmissible.

3. In ruling on a motion to set aside a default, the Court considers the following three (3) factors: (a) whether the plaintiff would be prejudiced if the default is set aside; (b) whether the defendant has a meritorious defense; and (c) whether the defendant engaged in culpable conduct that led to the default. United States v. Signed Personal Check No. 730 of Yurban S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) [hereinafter, "Mesle"]; Karayan v. Mardian, No. 2:13-cv-00472-APG, 2015 WL 4420218, at *1 (D. Nev. July 20, 2015). This standard is disjunctive-- a finding that any one of these three factors is true is sufficient for the Court to refuse to set aside the default. Mesle, 615 F.3d at 1091. The party seeking to invoke Rule 55(c) bears the burden of demonstrating that the test factors favor setting aside the default. See TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001) [hereinafter, "TCI"]. As applied in the case at hand, all of these factors weigh heavily in favor of not setting aside the default and proceeding with a default judgment.

**(2)** **Setting Aside the Default Would be Prejudicial to Mr. Randazza.**

4. First, setting aside the default would be prejudicial to Mr. Randazza. To be prejudicial, delay must result in a tangible harm such as a "loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." TCI, 244 F.2d at 701 (quotation omitted). Here, Ms. Cox has stated that she will not participate in live proceedings before this Court (Objection at 1), and indeed that she does not even have access to a telephone to participate telephonically in any proceedings (and, quite ironically, in spite of her making pervasive internet blog postings about Mr. Randazza and this Adversary Proceeding). Her entire explanation rests

on her alleged financial status, and the apparent assumption that her personal participation will never be required, without any direct confrontation and process. Proceedings before this Court always include bankrupt parties; Ms. Cox is not entitled to any relief from the rules that debtors themselves must and do abide. Thus, under TCI, discovery and indeed the entire process itself will be made increasingly difficult and testimonial evidence will be lost, prejudicing Mr. Randazza. As a result, this first factor weighs against setting aside the default.

### (3) Ms. Cox's Objection Articulates Absolutely No Meritorious Defense.

5. Second, in asserting a meritorious defense, there must be some possibility that the suit would have a different outcome at trial than the result achieved by default. See Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). In the case at hand, Ms. Cox's Objection fails to demonstrate that she has any meritorious defense to the claims at issue in this Adversary Proceeding.[3]

6. As set forth in the Motion, Ms. Cox's Proof of Claim and Discharge Objection are clearly barred by *res judicata*. See Motion, at pp. 16-19 & 28-30; Cox v. Parsons, et al., Case No. 2:13-cv-00962 (D. Ariz. Sept. 19, 2013) (dismissed with prejudice); Cox v. Randazza, et al., Case No. 2:13-cv-00297 (D. Nev. May 14, 2014) (dismissed with prejudice). Nothing in her Objection even attempts to argue or show that her claims are not completely foreclosed by these prior judgments. They are also time-barred, and Ms. Cox provides no facts or law to suggest otherwise.

7. Neither do her claims have any merit in and of themselves. For example, in her Objection, Ms. Cox obviously fails to appreciate that Mr. Randazza only listed her as a potential creditor in his filed bankruptcy schedules (ECF 15, p. 20, Creditor #13), while also listing her as

---

[3] Ms. Cox has also filed, but never set for hearing, what she calls a *Motion for Bench Trial and Misc. Relief* in the other related adversary proceeding involving the parties (Adv. No. 17-1005, Adv. ECF 9), in which she waives any "right" to a jury trial and, though she claims to be seeking a bench trial in name, actually asks for the matter to be decided without live testimony or argument, and on the papers alone. In essence, she is refusing to prosecute those claims, warranting dismissal of them under Fed. R. Bankr. P. 7041/Fed. R. Civ. P. 41(b). Although not technically filed in the instant Adversary Proceeding, this related filing by Ms. Cox also contains many of the same nonsensical, ridiculous rantings that she makes in her Objection. The Court may take judicial notice of this other recent filing by Ms. Cox to further establish that Ms. Cox has absolutely no meritorious claims or defenses herein, such that the entry of default should not be set aside and that the Court should enter a default judgment forthwith.

4

1  a contingent, unliquidated and disputed creditor at the same time. The legal effect of such a listing
2  is <u>not</u> an admission by Mr. Randazza that Ms. Cox has a valid claim; rather, it is merely done to
3  give notice to her. <u>See</u> 11 U.S.C. § 1111(a) ("a proof of claim or interest is deemed filed under
4  section 501 of this title for any claim or interest that appears in the scheduled filed under section
5  521(a)(1) or 1106(a)(2) of this title, <u>except a claim or interest that is scheduled as disputed,</u>
6  <u>contingent, or unliquidated</u>.") (emphasis added). Ms. Cox then filed her Proof of Claim and her
7  Discharge Objection, thus necessitating Mr. Randazza's filing of this Adversary Proceeding to
8  contest both of Ms. Cox's filings. Ms. Cox's explanation that her filing of those documents was
9  only to protect her alleged claims obviously does not end the inquiry into the validity of her
10 alleged claims, rather it merely starts them; this Adversary Proceeding will finish them.

       8.     In her argument as to her defamation claim, Ms. Cox fails to identify a single allegedly false statement of fact and provide evidence to the contrary. (Objection at pp. 23-28). Further, "in an ordinary slander action, special damages must be proven, as an element of the cause of action, before any recovery will be allowed the plaintiff. Special damages are quantifiable monetary losses that flow directly from the injury to reputation caused by the defamation, *e.g.*, loss of business." <u>K-Mart Corp. v. Wash</u>., 866 P.2d 274, 283-84 (Nev. 1993) (citing NRS 41.335). Ms. Cox fails to assert a single lost cent directly from any allegedly false statement by Mr. Randazza. Thus, her defamation claim could not prevail.

       9.     Similarly, Mr. Randazza denies any attorney-client relationship with Ms. Cox, and the evidence shows that though he offered, she declined. (Objection at p. 24). All of her primary allegations of malpractice arise after she declined. (<u>Id.</u> at pp. 30 & 35). Legal malpractice claims must be premised on the existence of an attorney-client relationship. <u>See</u> <u>Stalk v. Mushkin</u>, 199 P.3d 838, 843 (Nev. 2009). She otherwise asserts (though Mr. Randazza denies) he allegedly failed to consult with her prior to allegedly proposing a settlement on her behalf (and the record evidence contradicts her version of the events). (Objection at p. 32). Again, however, there is no causal nexus between that event and any damages, especially as she did not enter into any unfavorable settlement at that time and ultimately prevailed in her appeal. <u>See</u> <u>Morgano v. Smith</u>, 879 P.2d 735, 737 n.2 (Nev. 1994) (requiring proximate causation). And, though she accuses him

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

of publishing confidential information (Objection at p. 33), she does not actually identify any nonpublic information that he disclosed. Nor do any of these claims have a causal nexus with her original ridiculous and unsupported claim for $10 million, or now her new absolutely absurd claim for $100 million. (Objection at p. 50). Thus, she lacked any meritorious argument as to the objection to her proof of claim or nondischargeability.

10. Neither does Ms. Cox present any evidence or argument to show she is not liable for abuse of process. Instead, she simply accuses Mr. Randazza and his colleagues of the same. (Objection at p. 6). And she decuples down on her original damage claim of $10,000,000 to seeking "punitive damages in the amount of 100 million" all because Mr. Randazza and others (not simply him) spoke out against her proven, documented, and judicially-recognized extortionate behavior. (Objection at p. 15). And, she does not like that Mr. Randazza prosecutes copyright infringement actions for clients in the adult entertainment industry. (Id.) And, she sued him because he filed a brief in a case, despite his legal right to do so. (Id.) And, she sued him to protect so-called "victims of the porn industry" despite her claims having no relation thereto. (Id. at pp. 16-17). Such represents a patent abuse of process—filing claims for an ulterior purpose by a party other than to resolve a legal dispute. See Grand Canyon Skywalk Dev., LLC v. Cieslak, No. 2:13-cv-596, 2015 WL 1805055, at *4 (D. Nev. Apr. 20, 2015) (collecting cases); LaMantia v. Redisi, 38 P.3d 877, 880 (Nev. 2002).

11. Thus, Ms. Cox fails to articulate any meritorious defense in her Objection, and indeed, if anything, the nonsensical rantings therein only confirm that her entire Proof of Claim and Discharge Objection are utterly frivolous and a mere attempt to perpetuate her equally frivolous and meritless harassment campaign that started pre-petition and which numerous courts have found frivolous and were twice dismissed with prejudice.[4]

**(4) Ms. Cox Engaged in Culpable Conduct Leading to the Default.**

12. Finally, Ms. Cox is culpable for her failure to answer the FAC where she "has

---

[4] Ms. Cox also addresses Mr. Randazza's claim for civil extortion, but Mr. Randazza has agreed to not pursue that claim--at least in his Motion. She otherwise argues against Mr. Randazza's claims in the 2040 case that are not before this Court. Such arguments should be disregarded and otherwise lack merit.

received actual or constructive notice of the filing of the action and intentionally failed to answer." TCI, 244 F.3d at 697 (emphasis and quotation omitted). She offers no good faith explanation for her failure to answer, beyond merely asserting she thought she acted properly. (Objection at pp. 2-5).[5]  "Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds, Lacey v. Maricopa Cnty., 693 F.3d 896 (9th Cir. 2012). Merely appearing *pro se* in an adversarial proceeding does not justify failure to defend. Shamam v. Motzkin (In re Shamam), Nos. CC-14-1274-TaPaKi, CC-14-1300-TaPaKi, 2015 Bankr. LEXIS 1168, at *19 (B.A.P. 9th Cir. Apr. 7, 2015). Thus, Ms. Cox is culpable for her neglect.

13.     Ms. Cox's recent activity in this Adversary Proceeding after a long period by her utterly ignoring it is simple inexcusable and does not save her from entry of a default judgment. Mr. Randazza's Motion was served in the same manner as all of his previous filings in this Adversary Proceeding--including the FAC, the notice of intent to take default, and the application for entry of default--by not only mailing them to Ms. Cox's address as provided in her Proof of Claim, but also (and even though under absolutely no obligation to do so) by sending them to her via email to her longstanding and continually used email accounts. Ms. Cox's Objection, as well as her email conversations with Mr. Randazza's counsel, repeatedly confirm that she was aware of the Adversary Proceeding, that the use of her email account gave her actual notice of all such matters, and that she intentionally and willfully refused to respond in this Adversary Proceeding or in any way participate in the many scheduling hearings before the Court.

14.     In further support of Ms. Cox's continued and uninterrupted use of these same longstanding email accounts, the Supplemental Zirzow Declaration includes additional emails with Ms. Cox illustrating her use of these same email accounts after the filing of this Motion. The Supplemental Zirzow Declaration also provides an updated affidavit (in addition to the one

---

[5] For example, Ms. Cox apparently claims that she actually has no mailing address and is homeless (in spite of the address listed on her Proof of Claim), but she never denies that she did, in fact, receive notice of all matters in this Adversary Proceeding via email at her longstanding and regularly used email accounts. Indeed, as attached to the Zirzow Declaration and the Supplemental Zirzow Declaration, Ms. Cox continues to regularly use her emails accounts to converse with Mr. Randazza's counsel.

previously submitted) that Ms. Cox has never been active duty military at any relevant time during the pendency of this Adversary Proceeding. See Supplemental Zirzow Decl., ¶¶ 2-4, Exs. 1-3.

15. In sum, Ms. Cox's delay has caused prejudice, she has no meritorious defense, and she is culpable for her failure to answer or participate this Adversary Proceeding for more than a year. The existence of any one of these factors is sufficient in and of itself for the Court to refuse to set aside the default, and in the case at hand, the existence of all three weighs overwhelmingly in favor of not setting aside the default and with entering a default judgment forthwith.

**(5)    In the Alternative, and Only if the Court Somehow Determines it is Appropriate to Set Aside the Default, the Court Should Condition It on Ms. Cox Immediately Paying All Fees and Costs Mr. Randazza Has Incurred in Seeking the Default and the Default Judgment.**

16. In the alternative to the foregoing, and only if the Court determines it is appropriate to set aside the default against Ms. Cox, Mr. Randazza requests that the Court exercise its discretion to condition it on Ms. Cox's payment of Mr. Randazza's reasonable attorneys' fees and costs incurred in obtaining the default and seeking the default judgment, and for such payment to be made within 15 days of entry of such order, and failing that, that default judgment will be entered. Even in situations where a court finds that setting aside a default is appropriate, courts regularly condition such an action upon the payment of the opposing party's fees and costs. This avoids unfairness to the non-defaulting party who was forced to litigate the default and default judgment as a result of the delay or failure to act. See Karayan, 2015 WL 4420218, at *1; J & J Sports Prods., Inc. v. El Chamizal, LLC, No. 2:12-cv-01905-APG-CWH, 2015 WL 668889, at *3 (D. Nev. Feb. 17, 2015); Chrome Hearts, LLC v. Boutique Talulah, No. 2:12-cv-00280-MMD-RJJ, 2012 WL 4510692, at *5 (D. Nev. Sept. 28, 2012).

17. Absent prompt payment by Ms. Cox of such fees and costs, the Court should enter the default judgment as requested. The previous declarations Mr. Randazza submitted in support of the Motion provide the necessary evidence of fees and costs through the date of the filing of the Motion, and Mr. Randazza can submit evidence of the additional fees and costs incurred he has incurred thereafter through the filing of this Reply within ten (10) days of any Court order directing the same. If the Court does not condition setting aside of the default on the payment of

8

such fees and costs, then this would allow Ms. Cox to "game the system" and allow her to benefit at the expense of Mr. Randazza for her own repeated failures or refusals to engage in these proceedings in any fashion, aside from her recently filed Objection, for more than a year.[6]

B. **Default Judgment Should Enter.**

18. As the entry of default was proper, Mr. Randazza's allegations of fact must be taken as true. See Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (citations omitted).

19. Ms. Cox's claim in her Proof of Claim must be disallowed. As a matter of law, she fails to show that it is not barred by *res judicata* and the statutes of limitations. And, as set forth above and in the Motion, she has no otherwise valid claims in defamation or malpractice. (Motion at pp. 36-41). Absent any viable cause of action, disallowance is proper as such claims are unenforceable against Mr. Randazza under applicable law. 11 U.S.C. § 502(b)(1).

20. Ms. Cox's Discharge Objection should also be denied. She offers no excuse beyond inattention to the rules to excuse her failure to abide by Bankruptcy Rules 4007(a), 7001(6), 7004(a)(1), & 7010. With no valid claim for relief, there is no debt that could be held nondischargeable. Further, she does not refute that malpractice claims are negligence and, thus, not encompassed with a 523(a)(6), neither do her allegations of defamation rise to level of actual malice, with reckless disregard for the truth, let alone actually pointing to false assertions of fact. His statements that she is an extortionist are his protected opinion and are otherwise supported by the evidence as well as findings by administrative agencies, U.S. courts, and a published, final,

---

[6] In fact, even after Mr. Randazza filed his Motion and Ms. Cox filed her Objection, the Court had scheduled a further continued scheduling conference in this matter for November 14, 2017 (Adv. ECF No. 38), yet Ms. Cox also failed to appear, in spite of Mr. Randazza's counsel reminding her of it. See Supplemental Zirzow Decl., ¶ 5, Ex. 4. Such are not the actions of a party legitimately trying to have the Court set aside a default and/or grant other relief; rather, it is the actions of a party continuously abusing the system by failing to appear, yet improperly expecting this Court somehow grant her relief. Along these same lines, Ms. Cox's emails absurdly state that not only is she unable to appear live and in person for this Adversary Proceeding (a proceeding necessitated as a result of her own Proof of Claim and Discharge Objection), but also that she has no access to a telephone to appear telephonically. Notwithstanding the foregoing assertions, and quite inconsistently, however, Ms. Cox readily responds to emails, and can churn out lengthy pleadings and blog posts seemingly at will.

9

WIPO arbitration decision. Nothing in her Objection even addressed the requirements for prosecuting a valid discharge objection. Thus, her discharge objection must be declared to be dismissed.

21. Finally, nothing in her Objection nor its accompanying Declaration and exhibits show or argue that Mr. Randazza is not entitled to judgment on his abuse of process counterclaim. Ms. Cox used numerous lawsuits throughout the country for reasons unrelated to valid claims for relief, all of which was highly irregular and dismissed. In the 2040 case, she made numerous spurious motions resulting in her loss of electronic filing privileges, all of which were improper, willful acts. See Bull v. McCuskey, 615 P.2d 957 (Nev. 1980). As set forth in the motion, the law permits Mr. Randazza to recover his legal fees as damages for abuse of process. Ms. Cox fails to argue otherwise. Nor does she assert any argument or provide any basis to suggest that the attorneys' fees sought by Mr. Randazza as damages are not proximately caused by her tortious conduct or that they are otherwise unreasonable. She challenges neither hourly rates nor time spent. Thus, actual damages of $411,582.59 should be awarded.

22. Further, punitive damages for abuse of process are warranted. Ms. Cox admits her conduct was unrelated to the specific causes of action, making outrageous demands for $100,000,000. She does not deny she acted against his family, but rather states she did act as badly as she might have. (Objection at p. 14). Her actions were intentional—one does not accidentally file frivolous claims in ten separate jurisdictions and continue to prosecute claims after receiving dismissals with prejudice.

23. Finally, although Mr. Randazza asserts that an evidentiary hearing is likely not necessary in light of the extensive briefing and declarations submitted in support of this Motion, along with Ms. Cox's statement she would not appear, to the extent the Court believes that an evidentiary hearing is required to prove up all or any aspect of the default judgment requested, Mr. Randazza respectfully requests that the Court schedule such evidentiary hearing forthwith and at the Court's earliest availability.

. . .

. . .

## II. CONCLUSION

WHEREFORE, Ms. Cox's Objection only reinforces that she has absolutely no valid claim and default judgment against her should enter. Her Proof of Claim should be disallowed and expunged. Her Discharge Objection should be dismissed *with prejudice.* Finally, judgment in favor of Mr. Randazza on his abuse of process claim should be entered, awarding him compensatory damages in the amount of not less than $411,582.59 for the attorneys' fees and costs incurred in the 2040 Case and this Adversary Proceeding, and punitive damages in the amount of $100,000.00. Mr. Randazza also requests such other and further relief as is just and proper.

Dated: November 21, 2017.

By:   /s/ Matthew C. Zirzow
LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Attorneys for Plaintiff