

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| | MARC JOHN RANDAZZA, | BK-S-15-14956-abl |
| Debtor. | | Adv. No. 16-01111 |
| V. | CRYSTAL L. COX | MOTION TO Set Aside Default |

I, Crystal Cox, Pro Se Defendant, move this court to Set Aside Default, per Rule 55, on Default Judgement Granted at Doc. 44 and 45 Adv.16-01111.

Rule 55 allows for a Judgement to be set aside due to Extreme circumstances. On 10/05/2016 when Marc Randazza filed Adversary case 16-01111. I was sleeping / living in my truck and had EXTREME circumstances as to why I could not plead or print and mail a response to the court. I did, however, respond via email to Matt Zirzow, attorney for Debtor Marc Randazza after he served me a Summons via eMail. As Declarations of Matt Zirzow throughout this case clearly show via exhibits of our emails. (See Doc. Entry 2, 5 and 9 Adv.16-01111) I responded to this summons via eMail as that was my only way. I did participate at this time initially, in defending myself to the best of my ability.

**On 10- 20-2017** Debtor Marc Randazza filed Motion for Default Judgment Docket Entry 26 Adv.16-01111. I FULLY participated in this motion and therefore default should be set aside or reversed. As **On 10/30/2017** I, Crystal Cox, participated in this motion, and pled on my own behalf, Pro Se, by filing Objection To Motion For Judgment By Default and Declaration (See Doc. 36 Adv. 16-01111.) I ask that this court set aside Default or Reverse the Default Ruling.

I, Crystal Cox pled and have been and am actively defending myself, to the best of my ability.

Per Fed. R. Civ. P. 55(a) Rule 55. Default; Default Judgment. Docket Entry 20 of this case did not list a dollar amount, no accounting was given at that time. When accounting was given, as in Doc. Entry 29 and 30 of this case, I, Crystal Cox, was actively pleading and therefore a Default should not be granted. I ask this court to set aside Default or reverse the Order.

Per Fed. R. Civ. P. 55(a) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted. A default was entered at Doc. 20 of this case and had no amount. And I had Extreme circumstances and could not file a court motion at that time.

### Setting Aside a Default or a Default Judgment

1

The court may set aside an entry of default for good cause, and it may set aside a final default judgment. I have / had Good Cause, I was living in my truck, in freezing weather, as the local police can attest to and others. I had no way to participate in Oct. of 2016.

In Oct. of 2017, after Motion for Default was filed (Doc. 26) I was staying temporarily at a home where I did have access to a printer and financial donations to mail documents, and I did FULLY participate to that motion and therefore a default should be set aside or reversed. (See Adv. 16-01111 Objection to the Default motion, Declaration and Exhibits (Doc. 36)

Federal Rules of Civil Procedure ("Rule. 55(a)"), default judgments are available to a party if the opposing party fails "to plead or otherwise defend." In other words, a default judgment. I did defend myself, I did plead  (See Adv. 16-01111 Objection to the Default motion, Declaration and Exhibits (Doc. 36)

Rules 54(b), 55(c). A default judgment that does not dispose of all of the claims among all parties is not a final judgment unless the court directs entry of final judgment under Rule 54(b). Until final judgment is entered, Rule 54(b) allows revision of the default judgment at any time.

Default Judgement Granted at Doc. 44 and 45 Adv.16-01111 includes over $400k in legal services for Jennifer Randazza, Marc Randazza and Natalia Randazza in District of Nevada Case 2:12-cv-02040 JAD-PAL, as Plaintiffs suing multiple parties. A Judgement ruling that one party must pay all legal fees for all parties in the 2040 case, is not related to legal fees of this case, and is undue enrichment of the other other parties such as Jennifer Randazza.

District of Nevada Case 2:12-cv-02040 JAD-PAL is still Pending, those claims are not disposed of and Crystal Cox, one party, should not have to pay 5 years of legal fees related to all parties and to essentially dissolve the debt of multiple parties unrelated to Randazza's bankruptcy as well as for one Creditor, Crystal Cox Creditor 13 to pay the Debt to other Creditors F. Chris Austin, Doc. Entry 29 Adv.16-01111 and Ronald D. Green Doc. Entry 30 Adv.16-01111. (Ronald D. Green and Randazza Legal Group are Creditor 28 AND F. Chris Austin and Weide and Miller Law Firm, are Creditor 32)

The Claims, the Lawsuit that this Judgment include the legal fees of, 2:12-cv-02040 JAD-PAL is still Pending and has no final ruling as per who pays the Plaintiff's attorney fees. Adv.16-01111 Is the wrong venue for the legal fees of all Plaintiffs in the 2040 case to be ruled as the sole debt of one party, Crystal Cox.

Adversary Proceeding #: 17-01005 is still pending, those claims are not disposed of yet and I ask this court to set aside Doc. 44 and 45 Adv.16-01111. I, Crystal Cox, still have claims pending against my former attorney Marc Randazza.

## BACKGROUND

*CH*

2

**On 11-28-2012** Marc J. Randazza, Natalia Randazza, and Jennifer Randazza sued me, Crystal Cox and Eliot Bernstein for the purpose of shutting down dozens of blogs that spoke critical of Marc Randazza and his law firm Randazza Legal Group. (See District of Nevada Case 2:12-cv-02040 Doc. 1)

**On 01-07-2013** Judge Gloria M. Navarro GRANTED a Preliminary Injunction / TRO which gave Marc Randazza and Randazza Legal Group over 30 blogs, domain names, and massive online content, search engine placement, and intellectual property. (See District of Nevada Case 2:12-cv-02040 Doc. 35) Through this Order, Randazza seized my intellectual property in mass and redirected it to his commercial law blog, for his and his law firms benefit.

**On 04-10- 2014** Order on Motion for Summary Judgment, Doc. Entry 200 2:12-cv-02040, the court ruled that the Plaintiff's had no substantial valid claims against me, Crystal Cox. (See Doc. 200.) The remainder of the Plaintiff's case is FROZEN via a Stay, due to Marc John Randazza's Bankruptcy, BK-S-15-14956.

**On 02-24-2014** the District of Nevada allowed my, Crystal Cox's Counterclaims to Move Forward. (See 2:12-cv-02040 JAD-PAL Docket Entry 164)

**On 08-28-2015** The District of Nevada Court sent me, Crystal Cox, named Creditor 13, an Order to File Proof of Claim and Objection by Deadlines as Follows: Objection by Objections to Discharge due by 11/30/2015. Last day to file Proof of Claims 12/30/2015. (See Doc.6 BK-S-15-14956)

**On 09-29-2015,** as court ordered, I filed my proof of claim and objection with the court and the Department of Justice Trustee, as best I could figure out how to do as a Pro Se litigant. And to be in compliance with the Order sent to me. (See Doc. 29 BK-S-15-1495 and DOJ filing of Proof of Claim)

**On 10/05/2016** Marc Randazza Adversary case 16-01111. Complaint Filed by MARC JOHN RANDAZZA vs. CRYSTAL L COX

**On January 26th 2017** Crystal Cox's Counterclaims were moved to the Nevada Bankruptcy Court. (See District of Nevada Adv. 17-01005-abl Doc. 1) These claims are ongoing.

**6-13-2017** Clerk's Entry of Default Against CRYSTAL L. COX ( See Doc. 20, 21 and 22 of Adv. 16-01111) I notified Matt Zirzow of my Extreme circumstance. In Oct. 2016 I was sleeping in my truck, I had no money, and no way to print or file anything. I was homeless.

**On 10- 20-2017** Randazza filed Motion for Default Judgment Docket Entry 26 Adv.16-01111.

3



**On 10/30/2017** I, Crystal Cox, participated in this motion, and pled on my own behalf, Pro Se, by filing Objection To Motion For Judgment By Default and Declaration (See Doc. 36 Adv. 16-01111.

**On December 6th 2017** Nevada Adv. Case 16-01111 GRANTED a Judgement in favor of Marc Randazza. (See Doc. 44 and 45 Adv.16-01111). The court ruled that I was willfully malicious, and that I was guilty of abuse of process for filing the very court filing that the same court ORDERED me to file. (See Doc.6 BK-S-15-14956) The court ruled this in response to Motion for Default of which I participated in. (See Adv. 16-01111 Objection to the Default motion, Declaration and Exhibits (Doc. 36)

### Defendant Crystal Cox will Be Prejudiced in 2:12-cv-02040-JAD-PAL

District of Nevada Randazza v. Cox 2:12-cv-02040-JAD-PAL is still PENDING.

When the Stay is lifted and 2:12-cv-02040-JAD-PAL continues, I will be prejudiced as I will already have a nearly $500,000 ruling that I must pay the legal fees of Marc J. Randazza, Jennifer Randazza, Natalia Randazza in the 2040 case. The 2040 ongoing and has yet to conclude.

I also will be prejudiced in Adversary Proceeding #: 17-01005, as the Default Judgement Order Doc. 44 and 45 Adv.16-01111, will give Randazza the upper hand in Adv. 17-01005. I ask that the default be canceled or set aside pending this cases outcome.

<u>Other Prejudice and Discrimination</u>

**On 03/13/17** Wendy Medura Krincek, Esq. of LITTLER MENDELSON, P.C. Attorney for Excelsior Media Corp. AND James D. Greene Greene Infuso, LLP attorney for Liberty Media Holdings filed Doc 187 15-14956-abl. They made similar claims of as my Objection such as raising questions of debtor possibly hiding assets, and possible fraud. Cox has been discriminated against and prejudiced as being deemed malicious for stating those same views.

Also Liberty Media nor Excelsior was asked to pay punitive damages for making these same statements nor was it ruled that they must pay attorney fees in other cases related to multiple parties. I, Crystal Cox, have been discriminated against as a Pro Se litigant.

### CONCLUSION

I, Crystal Cox, Pro Se Litigant, was defending myself and active in this case to my absolute best ability, as Matt Zirzow's Declarations clearly show. I was emailing from a laptop I had then, directly to Matt Zirzow, the Opposition, I was participating and I filed pleadings in my defense.

4

*Gc*

As stated above.

1. The Court, itself, ordered me to File a Proof of Claim (See Doc.6 BK-S-15-14956). I was doing as the court ordered and ask this court to set aside Default Judgement or reverse (See Adv. 16-01111 Doc. 44 and 45)

2. District of Nevada Randazza v. Cox 2:12-cv-02040-JAD-PAL, of which the Default Judgment Legal Fees from this case stem from, has multiple Plaintiffs and multiple defendants and is ongoing, as the case has a STAY on it until Marc John Randazza's Bankruptcy case is over. The case involves my former attorney Marc Randazza and his law firm Randazza Legal Group suing in order to shut down blogs that spoke critical of him and gave him bad reviews. This Case is still PENDING.

Adv. 16-01111 Doc. 44 and 45 gives Marc Randazza nearly 500k in legal fees in which benefit multiple parties not involved in this Adversary Proceeding. This is undue enrichment. And a misuse of the bankruptcy courts in dissolving debt for other parties, and relieving debt to other creditors (Austin and Green) as well.

3. The default should be set aside or reversed as On October 20th Randazza filed Motion for Default Judgment Docket Entry 26 Adv.16-01111. I, Crystal Cox, Pro Se, did respond / participated in the pleadings / to the MOTION. I did participate in the very motion that led to the default ruling. (See Objection To Motion For Judgment By Default and Declaration Docket Entry 36 Adv. 16-01111) There should be no punitive damage granted to Marc Randazza nor statement on the Judgement that I, Crystal Cox, was malicious when clearly I was doing as the court asked of me. And also there should be no attorney fees awarded to Marc Randazza regarding the Proof of Claim and Objection to Debt Filing, as again, the Court ordered me to file these documents, (See Doc.6 BK-S-15-14956)

4. Attorneys F. Chris Austin Creditor 32, and Ronald D. Green Creditor 28, provide legal serves in a different case and for multiple parties, this is not the venue/jurisdiction to petition the court for those attorney fees for all parties in District of Nevada 2:12-cv-02040 JAD-PAL

Also it is important to note that Marc Randazza was my attorney in 2011, and Ronald Green assisted him, both of Randazza Legal Group. They sued me to chill my speech and take massive blogs and online content, of which they did, through an unconstitutional TRO.

It is understandable for Randazza through his attorney Zirzow to defend his point of view in the Objection and Proof of Claim and if the court ruled to put those aside.

However, In August/September of 2015 when I filed the Proof of Claim and Objection, my counterclaims against Marc Randazza were still in District of Nevada 2:12-cv-02040-JAD-PAL, and the court ordered me to file a Proof of Claim and Objection to debt regarding these claims, (See Doc.6 BK-S-15-14956). It was not until January 26th of 2017 that my, Crystal Cox's

5



counterclaims were moved to the Bankruptcy Court. (See District of Nevada Adv. 17-01005-abl Doc. 1)

I ask this court to Set aside or cancel Default per Rule 55 and Grant any and all other relief this court sees fit. Or in the least to cancel or set aside attorney fees from District of Nevada 2:12-cv-02040-JAD-PAL and attorney fees in this case, as well as Punitive Damages as I, Crystal Cox was not acting with malicious intent but instead doing what the court asked of me. And simply Grant the Denial of the Proof of Claim and Objection to Debt, Pending the outcome of District of Nevada Adv. 17-01005-abl Doc. 1 of which is the reason I thought I was a Creditor and indeed had Claims.

Dated: December 13th, 2017.

/s/ Crystal L. Cox
Crystal L. Cox, Pro Se
eMail: SavvyBroker@yahoo.com AND ReverendCrystalCox@Gmail.com

## Certificate of Service

Dated: December 13th, 2017

I certify I sent this Motion to:

Clerk of Court  U.S. Bankruptcy Court
District of Nevada Foley Federal Building
300 Las Vegas Boulevard South  Third Floor, Courtroom #1
Las Vegas, NV 89101

6